JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Amanda Mayes appeals her conviction for resisting arrest, a misdemeanor of the second degree, in violation of R.C.2921.33(A), following a bench trial.
On June 29, 2003, Mayes was part of a group holding a protest at the Cincinnati Zoo. When one of the protesters began yelling obscenities at vehicles driving into the zoo's gate, Cincinnati Police Officer Orlando Smith approached the protestor and told him to "knock it off." Another protestor, Nathaniel Livingston, then approached Officer Smith. Livingston was using foul language and putting his hands towards Officer Smith's face at close range. Officer Smith testified that Livingston seemed ready to assault him. Officer Smith asked Livingston to stop two times, but Livingston refused. Officer Smith then told Livingston he was placing him under arrest for disorderly conduct. As Officer Smith tried to arrest Livingston, three other protesters approached and tried to pull Livingston away. Officer Smith called for assistance, and his partner, Officer Jason Hubbard responded. Officer Hubbard testified that he saw Mayes and two other protestors grab Officer Smith's arm as he tried to arrest Livingston. As the protesters swarmed around Officer Smith, he was struck. Officer Smith went to the ground with Livingston, and Mayes approached again. She was told to stay back, but reached toward the officer. Officer Hubbard said that he had to deal with Mayes before he could assist Officer Smith. Livingston was then arrested and placed in a police cruiser. At that point, Mayes had left the scene. She soon returned with paper and a pencil to record the officers' badge numbers. Upon her return, she was arrested for resisting arrest based on her interference with Livingston's arrest. The trial court found her guilty.
Mayes raises two assignments of error. In her first assignment of error, Mayes argues that her conviction is against the manifest weight of the evidence. In her second assignment of error, Mayes argues that her conviction is against the sufficiency of the evidence. Because these assignments are interrelated, we consider them together.
To reverse a conviction on the manifest weight of the evidence, a reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] A reviewing court will not reverse a conviction for insufficient evidence, when, with the evidence viewed in the light most favorable to the state, there is substantial evidence upon which the trier of fact can conclude that all of the elements of the offense have been proved beyond a reasonable doubt.[2]
With respect to the first assignment of error, Mayes primarily disputes the testimony of Officer Hubbard. She does not directly challenge his testimony concerning the events that caused her arrest, but instead argues that the officer's testimony was inconsistent with later reports and the videotape in evidence. First, regarding the videotape, the trial court correctly pointed out that the videotape only depicted events well after the actions of Mayes that formed the basis for the charge of resisting arrest. We understand that her contention is that Officer Hubbard's later account of her arrest and the events shown on the tape were different enough to cast doubt on his testimony as to the earlier events. But Mayes also contends that the videotape itself did not show any conduct that would have justified her arrest. This may be true, but the conduct in question, the arrest of Nathaniel Livingston, took place well before the tape machine was activated.
Second, Officer Hubbard testified that Mayes got between Officer Smith and Livingston and attempted to separate them as Smith was trying to effectuate the arrest. Mayes was observed grabbing Smith's arm, and Officer Hubbard had to deal with Mayes before he could assist Officer Smith, who at that time was on the ground with Livingston. In State v.Beemer,[3] this court affirmed a defendant's conviction for resisting arrest, even though an audiotape introduced at trial indicated that the police officers had exaggerated in some respects the defendant's combativeness. Further, we do not find in this case the officer's testimony and the information contained in the reports to be substantially different enough to cast doubt on his testimony. We, therefore, cannot say that the trial court lost its way in relying on the testimony of Officer Hubbard. Consequently, we overrule the first assignment of error.
The second assignment of error concerns primarily the testimony of Officer Smith. Mayes argues her conviction was against the sufficiency of the evidence, as the trial court erred in finding a reasonable basis for the underlying arrest. We disagree.
R.C. 2921.33(A) provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." Officer Smith testified that Livingston approached him in an aggressive manner, using obscene language and putting his hands in the officer's face. Livingston continued this behavior after Officer Smith asked him two times to stop. Further, Officer Smith testified that he believed he was about to be assaulted. This conduct formed the basis for an arrest of Livingston for disorderly conduct. Because a rational trier of fact could have found a reasonable basis for Livingston's arrest, we overrule the second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, citing State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[2] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[3] State v. Beemer (July 31, 1998), 1st Dist. No. C-970758.